IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA MCINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Dana McIntosh, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Middle District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Dana McIntosh, (hereinafter "Plaintiff"), is currently a resident of Davidson County, Tennessee.

5. During the time relevant to her claim, Plaintiff was a resident of Rutherford County, Tennessee.

6. Defendant UnitedHealthcare Insurance Company (hereinafter "United") is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant United is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 308891, issued by United to Archwell Health, LLC.

## FACTS

8. Plaintiff was employed by Archwell Health, in its Nashville, Tennessee location.

9. By virtue of her employment, Plaintiff was enrolled in the Archwell Health LLC Welfare Benefit Plan, which is an ERISA employee welfare benefit plan (the "Plan").

10. Benefits under the Plan are insured by United Healthcare under Group Long Term Disability Policy No. 308891, issued by United Healthcare to Archwell Health LLC.

11. Plaintiff is a participant or beneficiary of the Plan.

12. Plaintiff ceased work due to a disability related to her medical conditions, including post concussion disorder, on November 30, 2022, while covered under the Plan.

13. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

14. Plaintiff filed an application for Short Term Disability (STD) benefits under the Plan.

15. United approved Plaintiff's application and approved her STD claim through the maximum period.

16. United approved Plaintiff's LTD claim around April 27, 2023.

17. By letter dated March 4, 2025, United terminated Plaintiff's LTD claim.

18. Plaintiff filed a timely appeal.

19. Plaintiff supported the appeal by providing additional medical records, sworn declarations from herself and her friend, and a vocational rehabilitation evaluation.

20. United provided Plaintiff with additional evidence it believed supported its denial and an opporunity to respond.

21. Plaintiff provided a sworn statement from her treating provider, explaining her condition and limitations.

22. By letter dated June 30, 2026, United denied her appeal, and stated that its decision was final.

23. Plaintiff has exhausted her administrative remedies under the Plan.

24. United would pay any benefits due out of its own funds.

25. United owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

26. United was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

27. United allowed its concern over its own funds to influence its decision-making.

28. United breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

29. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

30. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

31. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

32. The decisions to deny benefits were wrong under the terms of the Plan.

33. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

34. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

35. The decisions to deny benefits were not supported by substantial evidence in the record.

36. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

37. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 26th day of October, 2026.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/Kaci Garrabrant*
Kaci D. Garrabrant (TN BPR #039026)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505

kgarrabrant@buchanandisability.com